IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RAINBOW PUSH COALITION,
et al.,

      Plaintiffs,         CIVIL ACTION NO.

v.                           1:13-cv-3635-JEC

HON. NATHAN DEAL, et al.,

      Defendants.

**ORDER**

    Plaintiffs have sued the Governor of the State of Georgia, Nathan Deal, and the Attorney General for the State, Samuel S. Olens [hereinafter, "the State" or "the defendants"], seeking a declaration by this Court that O.C.G.A. § 16-3-23.1 is unconstitutional. This case is before the Court on two motions by the parties: plaintiffs' Motion for Extension of Time to Perfect Service on Defendants [10], filed on April 9, 2014, and the State's Motion to Dismiss for Failure to Perfect Service [11], filed on April 11, 2014. The case is also before the Court on three earlier motions filed by a non-party in this case: the movant GeorgiaCarry.Org, Inc. Specifically, movant has filed a Motion to Intervene [2], Motion to Dismiss [3], and Second Motion to Dismiss [7].

## BACKGROUND

This is the second lawsuit filed by counsel for plaintiffs, Robert Patillo, seeking to strike down the above-described statute. The first such suit was filed by counsel on April 10, 2012, on behalf of plaintiff Reverend Markel Hutchins against Governor Deal and Attorney General Olens. *See Hutchins v. Deal, et al.*, Civil Action No. 1:12-cv-1222-TWT. In that case, following a motion by movant GeorgiaCarry.Org., Inc. to dismiss the action for plaintiff's failure to serve the defendants, the presiding judge, Judge Thomas Thrash, granted the motion as unopposed by plaintiff, and the case was dismissed without prejudice on September 28, 2012. (*Id.* at 5.)

In this second case, filed by the same attorney attacking the same above statute, again there has been a motion to dismiss by the movant GeorgiaCarry.Org., based on plaintiffs' failure to serve the named-defendants. Again, plaintiffs filed no opposition to the motion nor any pleading indicating to the Court that plaintiffs had perfected service on the defendants.

Plaintiffs filed their complaint in this second action on November 4, 2013, meaning that, pursuant to FED. R. CIV. P. 4(m), service of process on defendants should have been made by March 5, 2014. Had service been made, defendants would have been required to file an answer within 21 days after service or, if defendants had waived service, within 60 days after the request for a waiver was

2

sent.

On April 9, 2014, plaintiffs filed a motion to extend the time in which they could complete service. Two days later, the State filed a motion to dismiss plaintiffs' complaint for failure to perfect service. Plaintiffs failed to file a response to this motion to dismiss.

### **DISCUSSION**

In support of their motion for an extension, plaintiffs note that, by certified mail, they sent a copy of the complaint and summons on November 4 to the Governor and to the Attorney General. Plaintiffs note that this mail was not returned as undeliverable. Plaintiffs also state that when the defendants failed to respond to the Complaint within 30 days of filing, plaintiffs' counsel mailed the Complaint and Summons to each defendant, with a return receipt request on April 4, 2014. Counsel also indicates that he faxed a copy to the Attorney General on April 4. In summary, plaintiffs argue that they acted diligently in trying to serve the defendants and they request 30 additional days in which to perfect service.

For their part, defendants argue that the Complaint should be dismissed for the plaintiffs' failure to serve defendants within the time limits set out in Rule 4(m).[1] Defendants deny that they were

---

[1] The Court construes this motion to dismiss [11] as also constituting defendants' response to plaintiffs' motion for an

3

served by certified mail or facsimile, but that even if they were, this would not constitute proper service under the rule, and further that plaintiffs' April efforts to serve were past the 120-day deadline. Thus, defendants argue that plaintiffs have not demonstrated the necessary diligence to warrant a further extension.

Second, defendants ask the Court to consider the imposition of sanctions against plaintiffs' counsel. Defendants note that some of plaintiffs' counsel's representations in plaintiffs' own motion appear to be untrue. Specifically, defendants note that counsel claims to have mailed the complaint and summons around November 4, but that the docket indicates that the summons was not issued until January 3, 2014, so counsel's statement could not be true. (*See* Pls.' Mot. for Extension of Time to Perfect Service [10] at 2, ¶ 3.) Defendants note, however, that assuming there may be an innocent explanation for "this apparent misrepresentation," defendants await that explanation before affirmatively seeking sanctions. Plaintiffs have not, however, filed a response to defendants' motion, meaning that plaintiffs have not attempted to offer an explanation for this inconsistency.

The Court will not impose sanctions on counsel. But, once again, on virtually an identical claim, counsel has failed to timely

---

extension, as defendants also respond to plaintiffs' extension motion in this motion to dismiss.

4
AO 72A
(Rev.8/82)

serve the defendants, or at least has failed to demonstrate that he timely and properly served the defendants. And, given plaintiffs' failure to even attempt to rebut defendants' assertion of a misrepresentation by plaintiffs' counsel, an extension based on plaintiffs' purported due diligence is not warranted. Finally, plaintiffs failed to file a response to defendants' motion to dismiss, meaning that the motion may be deemed to be unopposed. *See* LR 7.1(B), NDGa.

Accordingly, the Court **GRANTS** defendants' motion to dismiss. Plaintiffs' Complaint is dismissed <u>without prejudice</u>, pursuant to Rule 4(m). Movant's motions [2, 3, and 7] are also **DENIED WITHOUT PREJUDICE.**

SO ORDERED, this 5th day of May, 2014.

<pre>                                /s/ Julie E. Carnes
                                JULIE E. CARNES
                                CHIEF UNITED STATES DISTRICT JUDGE</pre>